UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPECIALTY SILICONE PRODUCTS, INC., | Case No. 1:25-cv-00463-AJB-PJE |
| Plaintiff, | |
| v. | **CONSENT ORDER FOR PRELIMINARY INJUNCTION** |
| JASON SAVARIA, | |
| Defendant. | |

Plaintiff Specialty Silicone Products, Inc. ("SSP") and Defendant Jason Savaria ("Savaria"), by and through their respective counsel, have consented to the entry of this Consent Order for Preliminary Injunction ("Order") upon the following terms and conditions:

## CONSENT ORDER FOR PRELIMINARY INJUNCTION

1.      Defendant Savaria shall be preliminarily enjoined from using, accessing, disseminating, or copying any documents and/or electronically stored information that he obtained from SSP's premises or computer systems, including but not limited to, the materials contained on SSP's USB flash drive (the "Drive")[1], with the exception to this Paragraph 1 that Defendant Savaria may retain a copy of documents and/or electronically stored information that he allegedly provided to the United Stated Department of Labor in connection with his alleged whistleblower complaint. Notwithstanding the foregoing, nothing in Paragraph 1 of this Order restricts or impedes Defendant Savaria from exercising his protected rights, including rights under Section 7 of the National Labor Relations Act (NLRA) and he may maintain a copy of documents and/or electronically stored information solely for that purpose.

---

[1] Serial Number: 0401ae68587520ddbaa433b7ae236e0b31c6fdda99911f6f39044ee0def0e4 fc6cda000000000000000000000011f623deff098018815581079f3168ab (the "Drive").

1

2.      Within 24 hours of service of entry of this Order, Defendant Savaria shall deliver to SSP's counsel, the original and all copies of any documents or electronically stored information that Savaria took from SSP's premises or computer systems, including but not limited to any documents and electronically stored information that were copied onto the Drive, but Defendant Savaria may retain a copy of any documents and/or electronically stored information that he allegedly provided to the United Stated Department of Labor in connection with this alleged whistleblower complaint. Notwithstanding the foregoing, nothing in Paragraph 2 of this Order restricts or impedes Defendant Savaria from exercising his protected rights, including rights under Section 7 of the NLRA and he may maintain a copy of documents and/or electronically stored information solely for that purpose.

3.      SSP's counsel shall keep fully intact in their original form, with metadata preserved, all documents and/or electronically stored information delivered by Defendant Savaria under Paragraph 2 until further order of this Court.

4.      Within 72 hours of service of entry of this Order, Defendant Savaria shall produce to SSP's counsel an affidavit, or declaration conforming with the requirements of 28 U.S.C. § 1746, describing in reasonably specific detail, the following information:

  a.  Each date that Savaria utilized or connected SSP's Drive with any electronic device[2];

  b.  A list of all electronic devices (including make, model and serial number), and all e-mail accounts or cloud-based storage systems, where any documents and/or electronically stored information that Savaria obtained from SSP's premises or

---

[2] For purposes of this obligation, and similar obligations with respect to the affidavit/declaration Savaria agrees to produce, any identification of electronic devices should **not** include any electronic devices owned by SSP which remain on SSP's premises, to Savaria's knowledge.

computer systems (i) have ever been stored, (ii) are currently stored, or (iii) may still be located, even if unintentionally (e.g., in a computer's short term memory or "downloads" folder);

c. A list of any other electronic devices not otherwise identified, that Savaria owns that access the internet and have memory components, excluding ordinary appliances, televisions, and the like;

d. A list of all documents and/or electronically stored information that Savaria obtained from SSP's premises or computer systems, that Savaria contends he has a legitimate purpose to possess, such as for the purpose of exercising any legally-protected rights or that Savaria has maintained in purported compliance with this Order;

e. A timeline with complete descriptions, describing what Savaria did with any documents and/or electronically stored information that he obtained from SSP's premises or computer systems, including (i) identifying individuals to whom any documents and/or electronically stored information were disclosed; (ii) the dates any disclosures were made; (iii) the date Savaria purports to have destroyed the Drive; and (iv) whether Savaria retained or discarded any physical pieces of the Drive, including any electronic "chips" that were originally housed inside the Drive.

5.    Neither Plaintiff or Defendant waive any arguments, claims or defenses with respect to the above-captioned action, and nothing in this Order shall be construed as an admission on behalf of any of the Parties as to wrongdoing or the validity of any claims, defenses

3

or allegations, nor is Defendant Savaria precluded from exercising his protected rights, including rights under Section 7 of the NLRA.

6.    The order entered by the Court on April 16, 2025 (ECF Doc. # 7) setting forth deadlines for briefing the Motion for Preliminary Injunction is hereby vacated in favor of this Order. The oral argument scheduled for May 9, 2025 at 11:00 am is cancelled as moot.

7.    The deadline for Defendant Savaria to answer, move against, or otherwise respond to the complaint shall be extended sixty (60) days, until July 8, 2025.

8.    This Order shall remain in effect until further order of the Court.

WHEREFORE, the Parties respectfully submit the foregoing on April 25, 2025, and request entry of this Order.

HARRIS BEACH MURTHA
CULLINA PLLC

By: */s/ Bradley M. Wanner*
Bradley M. Wanner (Bar No. 702244)
677 Broadway, Suite 1101
Albany, NY 12207
(518) 427-9700
bwanner@harrisbeachmurtha.com

SAUL EWING LLP

By: */s/ Erik P. Pramschufer*
Peri A. Berger (Bar No. 703959)
Erik P. Pramschufer (Bar No. 706351)
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
(212) 980-7200
peri.berger@saul.com
erik.pramschufer@saul.com

*Attorneys for Plaintiff Specialty Silicone Products, Inc.*

BLITMAN & KING LLP

By: */s/ F. Wesley Turner (w/ permission)*
F. Wesley Turner (Bar No. 704342)
800 Troy-Schenectady Road, 2nd Floor
Latham, NY 12110
(518) 785-4387
fwturner@bklawyers.com

*Attorney for Defendant Jason Savaria*

IT IS SO ORDERED:

Anthony J. Brindisi
U.S. District Judge

Dated: **4/30/2025**
Utica, NY

4