**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPECIALTY SILICONE PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JASON SAVARIA, <br><br> Defendant. | Case No. 1:25-cv-00463-AJB-PJE <br><br><br> **STIPULATION AND ORDER REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION** |

Plaintiff Specialty Silicone Products, Inc. ("Plaintiff") and Defendant Jason Savaria ("Defendant"), through their respective undersigned counsel, submit the following stipulation regarding discovery of confidential information, pursuant to Fed. R. Civ. P. 26(c)(1), which the Parties respectfully request entry of as an Order of the Court.[1]

1.      Purpose: The Parties to this case may request or produce information involving trade secrets or confidential commercial information, the disclosure of which is likely to cause harm to the party producing such information. Accordingly, the Parties enter into this stipulation to facilitate the free disclosure of documents and materials for the purposes of discovery, while protecting the Parties' legitimate protectible interests in the confidentiality of any documents and materials required to be disclosed.

2.      Definitions:

      a)      "Party" means a named party in this case.

      b)      "Person" means an individual or an entity.

---

[1] Note to the Court: With the exception of paragraph 11 related to certain materials, this stipulation is materially modeled from the Northern District of New York's model Patent Protective Order.

1

c)      "Producer" means a person who produces information via the discovery process in this case.

d)      "Recipient" means a person who receives information via the discovery process in this case.

e)      "Confidential" information is a trade secret or other confidential research, development or commercial information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person.

f)      "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that represents current or future business or technical trade secrets and plans that are more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality by statute or regulation, to a third person.

g)      Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

3.      <u>Designation of information as Confidential or Highly Confidential</u>:

a)      A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the

2

information qualifies as such.

b)      A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or either "HIGHLY CONFIDENTIAL."  By making documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential, a producing party does not forfeit a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

c)      A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

d)      A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

e)      A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

f)      If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document(s) or thing(s) as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without

involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. In the event such an application is made, the information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4.   Use and disclosure of Confidential or Highly Confidential Information:

a)   Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

b)   Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such counsel; (iii) a party or a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer or other deposition or preservation service recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; (vi) the Court and personnel assisting the Court, including court-appointed mediators and their

4

staffs; and (vii) potential witnesses in preparation for their testimony.

c)      Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (ii), (iv), (v), and (vi).

d)      A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this stipulation. The party obtaining the undertaking must serve it on all other parties within fourteen days after its execution. At least fourteen days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and explanation of the expert's cyber security protocols and intended procedure for safeguarding the information.  If the producer has good cause to object to the disclosure (which shall be solely limited to any apparent failure to appropriately protect the security of the information or their status as a party with competitive basis to use the information for unrelated purposes), it must serve the party proposing to make the disclosure with a written objection within fourteen days after service of the identification. Alternatively producer can provide a means like Relativity for expert to have protected access, provided that they still execute and agreement to be bound by the undertaking set forth in Appendix 1. Unless the parties resolve the dispute within fourteen days after service of the objection, the producer must move the Court promptly for a ruling, the failure to do so shall constitute a waiver of any objections to disclosure to the expert on this basis. To the extent that the producing party does make such a motion, the Confidential

5

or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval. This procedure does not otherwise alleviate any party from the obligations of Fed. R. Civ. P. 26 with respect to properly identifying experts.

e) Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

f) A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

5. Copies: A party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense. Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

6. Inadvertent Disclosure: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

7. Filing with the Court:

a) This protective order does not, by itself, authorize the filing of any document under seal. Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is

authorized by a separate order upon an express finding that the documents or things, or portions thereof to be sealed, satisfy the requirements for sealing under *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir. 2006).

b)      If a party wishes to file in the public record a document that another producer has designated as Confidential or Highly Confidential, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal.

8.      Document Disposal: Promptly upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential or Highly Confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

9.      Originals: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within fourteen days after a written request.

10.    <u>Survival of Obligations</u>: This Order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

11.    <u>Special Procedure Related to Alleged Trade Secret Materials</u>:

a)    Scope: The special procedures described in this paragraph 11 shall apply to documents, electronically stored information, communications, and other materials collected from Defendant's devices, cloud storage, email accounts, messaging platforms, or other accounts, which Plaintiff contends constitute, contain, or are interspersed with its trade secrets or other proprietary information, which Plaintiff alleges Defendant carried away from Plaintiff's computer systems and/or premises (the "Alleged Trade Secret Materials").[2]

b)    Storage and Hosting: All Alleged Trade Secret Materials shall be stored and maintained in a secure shared Relativity database hosted and administered by Plaintiff's counsel or its designated vendor. Plaintiff shall bear the expense of establishing a single user for Defendant's counsel's access to the Relativity database. Defendant may request additional users consistent with the terms of this Order, but shall bear the exclusive expense of additional users, unless it is for an expert witness to which Plaintiff objects to their cybersecurity measures and Relativity database access and storage would resolve Plaintiff's objection. The cost of additional user access is $25 per user, per month. The database shall employ commercially reasonable security protocols, including password protection, user authentication, encryption in transit and at rest, and access logging. Plaintiff

---

[2] This should not be construed as an affirmative representation by SSP that **all** Alleged Trade Secret Materials (as defined by this Stipulation and Order) are indeed trade secrets within the definition of the Defend Trade Secrets Act and/or analogous standards. Rather, the documents are so voluminous that the Parties agree to treat them all equivalent for the time being, without waiver to the de-escalation procedures outlined in paragraph 3(f).

shall not otherwise "produce" any Alleged Trade Secret Materials to Defendant or Defendant's counsel in electronic or hard copy.

c)      Access by Defendant's Counsel: Defendant's counsel of record, including attorneys, paralegals, litigation support personnel, and retained experts or consultants (each of whom shall have executed the required acknowledgment under this Order), shall have full and unfettered access to the Alleged Trade Secret Materials within the Relativity database for purposes of review, analysis, and defense of this action. The Relativity workspace will be configured with a separate permission group that prevents access by Plaintiff or Plaintiff's counsel's to Defendant's counsel's electronic notes, highlights, issue tags, or markings Defendant's counsel may make in their instance of the shared Relativity database.

d)      Treatment of Downloaded or Printed Copies: Any Alleged Trade Secret Materials downloaded, exported, imaged (including screenshots), or printed from the Relativity database by Defendant's counsel shall automatically be designated and treated as "HIGHLY CONFIDENTIAL" under this Order, regardless of any prior designation, unless and until said designation is resolved by agreement between the parties or by Court order to be something different. Such copies (1) shall be maintained in the custody and control of Defendant's counsel; (2) shall not be provided, transmitted, or made available to Defendant in hard copy or electronic form; and (3) shall not be uploaded to any platform or repository accessible to Defendant.

e)      Review By Defendant: Defendant may review Alleged Trade Secret Materials only in the presence of Defendant's counsel or Defendant counsel's delegee, whether in person or via secure screen-sharing controlled by counsel. Defendant shall not

retain, possess, download, copy, photograph, transcribe, summarize, or otherwise memorialize the contents of such materials except through counsel as reasonably necessary for purposes of this litigation.

f)      No Waiver of Designation Rights: Nothing in this paragraph 11 constitutes an admission by Defendant that any document qualifies as a trade secret or otherwise confidential. Defendant retains all rights to challenge any designation under the procedures set forth elsewhere in this Order.

g)      Return or Destruction: Upon final disposition of this action, all Alleged Trade Secret Materials in possession of Plaintiff's counsel, including any downloaded or printed copies, shall be destroyed in accordance with the provisions governing Highly Confidential material under this Order.

h)      Unless otherwise specifically provided for in this paragraph 11, all Alleged Trade Secret Materials shall be treated the same as High Confidential materials under this Order. With respect to Alleged Trade Secret Materials (only), to the extent there is any conflict between the procedures described in this paragraph 11 and those provisions above applying to other Highly Confidential Materials, this paragraph 11 shall apply.

INTENTIONALLY LEFT BLANK, SIGNATURES ON FOLLOWING PAGE

**IT IS SO STIPULATED:**

_/s/ Erik P. Pramschufer_                     _/s/ Stephani L. Ayers (w/ permission)_
Erik P. Pramschufer                            Stephani L. Ayers
SAUL EWING LLP                                 GOVERNMENT ACCOUNTABILITY
1270 Avenue of the Americas, Suite 2800        PROJECT
New York, NY 10020                             1612 K St. NW, #808
(212) 980-7216                                 Washington, DC 20006
erik.pramschufer@saul.com                      (813) 382-7865
*Attorney for Plaintiff*                       stephania@whistleblower.org
                                               *Attorney for Defendant*


Dated: _5/6/2026_                              Dated: _5-6-26_




**BY THE COURT:**


The foregoing stipulation is **SO ORDERED** and adopted as an Order of the Court, in

Chambers, on the date set forth below.




_____              Dated: __May 7, 2026_____
Hon. Paul J. Evangelista, U.S.M.J.


11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPECIALTY SILICONE PRODUCTS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>JASON SAVARIA,<br><br>    Defendant. | Case No. 1:25-cv-00463-AJB-PJE<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATION AND ORDER REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION** |

I, _____, state the following under penalties of perjury as provided by law, pursuant to 28 U.S.C. § 1746:

I am employed by _____ and maintain a regular address for the purposes of conducting business located at _____ _____.

I have been retained by_____ as an expert or consultant in connection with this case. I will be receiving Confidential  information that is covered by the confidentiality stipulation and order dated _____ (the "Order"). I have read the Court's Order and understand that the Confidential information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Order. I agree to use the Confidential information solely for purposes of this case. I understand that neither the Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Order. I agree to return the Confidential information and any notes concerning that information to the attorney for _____ or to destroy the information

and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____

[signature]

Dated: _____

13